**774**

**PENNSYLVANIA GLASS SAND COR-
PORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 26326.

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1968.

Max Nathan, Jr., New Orleans, La.,
Robert Lewis, New York City, for pe-
titioner.

Marcel Mallet-Prevost, Asst. Gen.
Counsel, Washington, D. C., for respond-
ent.

Before COLEMAN, GOLDBERG and
GODBOLD, Circuit Judges.

PER CURIAM:

At 3:23 p. m. on June 28, 1968, peti-
tioner filed a petition to review a Board
order in this court. Prior to that time,
at 9:17 a. m. of the same day, the charg-
ing party before the Board, General
Teamsters and Allied Workers Local
Union No. 992, had filed a petition to
review the same order in the Court of
Appeals for the District of Columbia.

Pursuant to 28 U.S.C. § 2112(a),[1] re-
spondent filed with this court a motion
to transfer this cause to the Court of
Appeals for the District of Columbia.
The motion to transfer is granted.[2]

Our grant of the motion is without
prejudice to the rights of petitioner to
move the District of Columbia Court of
Appeals to dismiss the Union's petition
on the grounds that it is not an ag-
grieved party, or to request that Circuit
to transfer the entire case back to this
court, or to any other Circuit, for the
"convenience of the parties in the in-
terest of justice." 28 U.S.C. § 2112(a).[3]

**Alvin C. WHITE, Appellant,**

v.

**CENTRAL GULF STEAMSHIP COM-
PANY, Appellee.**

No. 24054.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

---

1. 28 U.S.C.A. § 2112(a):

   \* \* \* \* \* \*

   "If proceedings have been instituted in
   two or more courts of appeals with
   respect to the same order the agency,
   board, commission, or officer concerned
   shall file the record in that one of
   such courts in which a proceeding with
   respect to such order was first insti-
   tuted. The other courts in which such
   proceedings are pending shall there-
   upon transfer them to the court of ap-
   peals in which the record has been
   filed. For the convenience of the par-
   ties in the interest of justice such court
   may thereafter transfer all the pro-
   ceedings with respect to such order to
   any other court of appeals."

2. See J. P. Stevens & Co. v. N. L. R. B.,
   388 F.2d 892 (4 Cir.1967); Truck Driv-
   ers, etc., Local 728, Teamsters v. N. L.
   R. B., 128 U.S.App.D.C. 216, 386 F.2d

643 (1967); International Union, United
Automobile, etc. v. N. L. R. B., 126 U.S.
App.D.C. 11, 373 F.2d 671 (D.C.Cir.
1967); Insurance Workers International
Union v. N. L. R. B., 124 U.S.App.D.C.
8, 360 F.2d 823 (1966); Eastern Airlines
v. C. A. B., 122 U.S.App.D.C. 375, 354
F.2d 507 (1965); Salerno-Megowen Bis-
cuit Co. v. N. L. R. B., 7 Cir. [No. 15,165,
June 17, 1965], mot. for reconsideration
denied [No. 15,165, Sept. 1965]; Ball v.
N. L. R. B., 299 F.2d 683 (4th Cir.), cert.
denied, 369 U.S. 838, 82 S.Ct. 868, 7 L.
Ed.2d 843 (1962); Local 2674, United
Brotherhood of Carpenters v. N. L.
R. B., 47 LRRM 2688 (D.C.Cir. 1960).

3. If the D.C. Circuit granted a motion to
   dismiss, petitioner could request that this
   cause be returned to this court on the
   ground that it is the only reviewing court
   in which a valid petition was filed.

George J. Garzotto, New Orleans, La., for appellant.

L. Howard McCurdy, Jr., New Orleans, La., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

A careful consideration of the record convinces us that the Trial Judge was correct in entering judgment for the appellee.

Affirmed.

**UNITED STATES of America, Appellee,**

v.

**Marx Roscoe JACKSON, Appellant.**

**No. 12637.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 28, 1968.

Decided Oct. 30, 1968.

Thomas O. Lawson, Fairfax, Va. (Court-appointed counsel) [Kelly, Louk, Farley, Lawson & Chess, Fairfax, Va., on brief], for appellant.

John D. Schmidtlein, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and McMILLAN, District Judge.

PER CURIAM:

Marx Roscoe Jackson appeals from a conviction of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). We have considered the arguments made in the briefs and orally, and find nothing meriting reversal. The conviction. is therefore

Affirmed.

**HERMETIC SEAL CORPORATION, Appellant,**

v.

**SAVOY INDUSTRIES, INC., Appellee.**

**No. 25531.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1968.

Herman Grayson, Miami Beach, Fla., for appellant.

Paul B. Anton, Abrams, Anton, Robbins & Resnick, Hollywood, Fla., for appellee.

Before WISDOM, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant's suit against Savoy Industries, Inc. (Industries) was dismissed below for lack of jurisdiction over the person. We affirm.

In its attempt to bring Industries within the jurisdiction of the district court Hermetic relied upon three of Florida's long arm statutes, Florida Statutes 47.16, 47.17(1) and 47.171, F.S.A.

Following an evidentiary hearing, the trial court granted Industries' Motion to Dismiss for lack of jurisdiction. That